## MAPES, executor &c. vs. TYLER.

A testator, by his will executed in 1853, gave and bequeathed to his children therein named, all his property, real and personal, which should remain after payment of debts. He then provided that his executors should rent his farm for a period not exceeding ten years and until his youngest son should arrive at majority, and divide the proceeds in equal shares among the persons named. The will then contained the following provision: "After the expiration of the ten years when my youngest son, the said C. F. shall come of age, then the said property shall be sold and the proceeds equally divided amongst my heirs mentioned before in this my will." The youngest son having arrived at the age of twenty-one years; *Held* that the executor was not authorized to sell and convey the real estate, for the purpose of dividing the proceeds among the heirs.

THIS is an application to this court to obtain construction of the last will and testament of Amos Tyler, deceased, and direction as to its execution; which application is made pursuant to § 372 of the code. The will was executed on the 10th day of September, 1853, and the testator therein appointed Paul N. Tyler and Sylvester Mapes executors thereof. Since the execution of the will Paul N. Tyler has died, leaving the said Sylvester Mapes sole surviving executor, who makes this application to ascertain whether as such executor he is, by the will, empowered to sell and convey the real estate of which said Amos Tyler died seised. By the will *the testator gives and bequeaths to his children therein named, all his property real and personal which should remain after payment of debts.* He then provides that his executors shall rent his farm for a period not exceeding ten years and until his youngest son should arrive at majority, and divide the proceeds in equal shares among the persons named. The will contains the following provision: "After the expiration of the ten years when my youngest son, the said Chauncey Tyler, shall come of age, *then the said property shall be sold and the proceeds to be equally divided amongst my heirs mentioned before in this my will.* The youngest child has arrived at the age of

twenty-one years, and the executor desires to sell the said real estate and divide the proceeds, if he has power to do so under the will.

*A. C. Niven*, for the executor.

*D. G. Starr*, for the defendant.

*By the Court*, INGALLS, J. The will does not in terms *direct the executors* to sell the real estate, and the question presented is, whether they take that power by implication, which *is* the only question to be determined in this case. If the testator had merely directed a sale of the real estate and a distribution of the proceeds, although he omitted to designate the executors as the persons who should make such sale, yet, by implication, the authority to sell would have vested in the executors. (*Meakings* v. *Cromwell*, 5 *N. Y. Rep.* 136; *Willard on Real Estate, p.* 261; *Williams' Executors, p.* 579.)

The doubt, which arises in this case, as to the authority of the executors to make the said sale, is created *by the absolute devise of the real estate to the persons named in the will;* and it is certainly a grave question whether in such case the authority to sell by the executors, can be implied, where they are not expressly named as the donees of the power. When real estate is directed to be sold, and the proceeds divided, the fund, by equitable conversion, becomes money that the testator gives, and not land; and hence the executor is authorized to distribute the same, under the general authority which he possesses to pay debts and legacies. (*Willard on Real Estate, p.* 261; *Meakings* v. *Cromwell*, 5 *N. Y. Rep.* 139.) But where, as in this case, the land is expressly devised to persons named and competent to take under the will, no such equitable conversion occurs. I understand this distinction to be clearly recognized in *Meakings* v. *Cromwell*, above cited. In that case there was no devise

Mapes *v.* Tyler.

of the land, but merely a direction that after the death of the wife of the testator the land should be sold and the net proceeds equally divided between the persons named. And it was held that the executors took by implication a power to sell and divide the proceeds. Ruggles, J. says at page 138, "there was no devise of the land to these persons, or to any one else. As devisees they took the price of the land, and not the land itself." At page 141, "In *Patton* v. *Rundall*, (1 *Jacob & Walker*, 189,) the estate was devised to the children of the testator, and on that ground it was held that a power to the executors could not be exercised by implication."

In the case of *Patton* v. *Rundall*, the master of the rolls, at page 196, remarks: "It would not follow that it would by implication transfer the estate from the children in whom it was vested: that would be beyond any of the other cases. *Before an implication is raised there must be an absence of exprsss devise, and in opposition to a devise it could never be raised.*"

I have been unable to find a case where the land was devised to others,.in which it has been held that executors were, by implication, vested with power to sell for the purpose of distribution. The case of *Meakings* v. *Cromwell*, certainly does not question the soundness of the principle decided in *Patton* v. *Rundall*, but draws a very clear distinction between the two cases. In one there was a devise of the land to the children of the testator; in the other there was no such devise, but merely a direction to sell the land and divide the proceeds.

It is insisted that the first clause of the will does not amount to a devise of the land, but merely prescribes the share which each was to receive. I can not adopt that construction, as it does violence to the language used, and indulges an unwarrantable latitude of construction. It is an unquestionable rule in the construction of a will, that the intention of the testator, as gathered from the whole instru-

ment, is to control; but that rule is subject to the limitation, that in giving such construction, the law must not be violated, as it is far more tolerable that one estate suffer the embarrassment occasioned by a will so inartificially drawn as to fail to carry out even the obvious intention of the testator, than that a principle of law should be warped or directly violated to meet the necessity of a particular case. If the views expressed are correct, it follows that the executor is not authorized to sell and convey the real estate in question.

Judgment accordingly.

[ALBANY GENERAL TERM, December 5, 1864. *Peckham, Miller* and *Ingalls* Justices.]