Hollman *v.* Tigges.

42  127
47  283

Gottfried Hollman, executor &c.

*v.*

John H. Tigges

That a testator's property is given to his wife and children by the will does
not interfere with the executor's power of sale of the land, where such
power is given by necessary implication from other provisions of the will,
e. g., the testator's combining all his estate, real and personal, for the purpose
of division, and confiding the whole to the control and management of the
executors until the children reach a specified age, coupled with a gift of the
"proceeds" of the estate in the event of the children dying without issue
before attaining such age, and also giving the executors power to divide the
lands and convey the widow's share thereof to her at any time, at her election.

Hollman *v.* Tigges.

Bill for specific performance. On final hearing upon bill and answer.

*Mr. A. Zabriskie,* for complainant.

*Mr. J. W. Heck,* for defendant.

THE CHANCELLOR.

The bill is filed to compel specific performance of a contract for the sale of land in Guttenberg, in Hudson county, made between the parties, by which the complainant, as executor of the will of Henry W. Tigges, deceased, agreed to sell the property in question, which was owned by his testator at the time of his death, to the defendant, who agreed to buy it from him accordingly. The defendant refuses to take title merely because he is advised that the complainant has no power to sell and convey the property. By the will the testator, after ordering payment of his debts and funeral expenses, proceeded as follows:

"It is my will that all my property, real and personal, be divided into three equal parts, one-third to my son, John Tigges, now sixteen years of age, and the other third to my daughter, Sophia Tigges, thirteen years old, both children being the offspring of a former marriage. My daughter Sophia is not to receive her share, unless sufficient for her maintenance and schooling, until she is twenty-four years of age. My son John, also, is not to receive his share until my said daughter, before mentioned, arrives at the above age, unless what, in the opinion of my executors hereinafter named, will be sufficient for his maintenance and schooling. If any of my said children above mentioned should die before obtaining their portion, and without issue, then and in that case, the share of the deceased to revert to the survivor, and in case of the death of both of my children, before receiving their portion of my said estate, and without issue, then the proceeds of the said estate to go to my two brothers and sister in Germany, in equal parts, or to their heirs. My executors shall not be empowered to sell any of my real estate until my children shall attain the ages aforesaid. But in case my dear wife wishes to receive her portion or third, as aforesaid, then my said executors shall be empowered to divide my real estate into three equal parts, as near in value as possible for them to do, and to convey to her by deed the share allotted to her."

He appointed his two brothers-in-law, Gottfried Hollman and

Heinrich Schierenbeck, executors of the will and guardians of his children.   The testator died in 1873.   The will was proved by both of the executors, but Schierenbeck has since died.   The testator's daughter Sophia married, after her father's death, and died (being then more than twenty-four years old) in 1884, leaving an infant child.   The agreement for the sale of the land was made March 1st, 1886.

The defendant's counsel insists that inasmuch as by the will the testator's property is given to his wife and children, the executor has no power to sell the real estate.   By the will, power of sale is given to the executors by necessary implication. The testator combines all his estate, real and personal, for the purpose of the division, and .confides the whole to the control and management of the executors.   Out of the share given to the daughter, she was, up to the age of twenty-four years, to receive only so much as would be sufficient for her maintenance and education, and the son, up to the time when the daughter should have attained to that age, was to receive only so much of his share as, in the opinion of the executors, would be sufficient for his maintenance and education.   The division of the estate is to be by the executors.   The will provides that in case the widow wishes to receive her share, the executors shall be empowered to divide the real estate into three parts, as nearly equal in value as they can make them, and to convey to her by deed the share allotted by them to her.   To make such conveyance, they must of course have the title to his real estate in fee.   The testator meant to create a trust in the executors, to hold and manage the property, real and personal, up to the time when his daughter should attain the age of twenty-four years, giving to the children the benefit of the accumulation of their shares up to that time, except so much thereof as might, in the opinion of the executors, be necessary for their support and education.   And the widow was to have the benefit of her share in the executors' hands up to that time, if she should choose to leave it there, but should she prefer it, she might have her share conveyed to her, and hold it or dispose of it herself.   The trust as to the children (and, so far as appears, as to the widow also) has continued for

thirteen years. But further: the will provides that the executors shall not be empowered to sell any of the real estate until the children shall have "attained the ages aforesaid," by which was meant that no sale should be made until the daughter should have attained to the age of twenty-four years; but desiring that his widow should have her share on request, and contemplating that should she demand it the executors would, unless some provision to the contrary were made in the will, sell the real estate in order to make the division, he gives them power to set off her share and convey it to her by deed. From this provision, a power of sale is necessarily to be implied. The use of the word "proceeds" in the gift over, in case of the death of both of the children without issue, is perhaps some evidence of an intention to confer a power of sale upon the executors. The appointment of one as an executor of a will that directs that real property be sold, does not of itself confer upon him the power of sale. *Patton* v. *Randall, 1 Jac. & W. 189.* But if the executor is directed by the will or bound by law to see to the application of the proceeds of the sale, or if the proceeds, in the disposition of them, are mixed up and blended with the personalty, which it is the duty of the executor to dispose of and pay over, then a power of sale is conferred upon the executor by implication. *Lippincott* v. *Lippincott, 4 C. E. Gr. 121,* and authorities cited. In *Seeger* v. *Seeger, 6 C. E. Gr. 90,* there appears to have been not only no express power of sale in the will, but nothing from which the grant of such power could be inferred. Nor are the other cases (*Patton* v. *Randall, ubi supra,* and *Mapes* v. *Tyler, 43 Barb. 421*) cited and relied upon by the defendant's counsel, in contrariety to the views above expressed. Both are cases in which, after a gift of the real estate, the testator ordered that, upon the happening of a certain event, the property should be sold, without saying by whom the sale was to be made. It was held that the provision for sale did not confer power to sell upon the executor. Though there is an express devise to the widow and children, and there is no express grant to the executors of power to sell, such power may be implied from the subsequent language of the will under con-

sideration. The gift in fee, therefore, will not prevent the power of sale from taking effect, but it will be construed to be subject to the power. *Wykham* v. *Wykham, 18 Ves. 395, 421; Brewster* v. *Striker, 2 N. Y. 19; Zabriskie* v. *M. & E. R. R. Co., 6 Stew. Eq. 22.*

The defendant should be required to perform his contract specifically.