CASE 9—AGREED CASE—MARCH 12.

## Blakely v. Quinlan, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT.
LAW AND EQUITY DIVISION.

1. CONSTRUCTION OF DEED—LIFE ESTATE—REVERSION.—In a deed by a son to his mother of a lot wherein it is provided in the habendum that she is "to have and to hold said lot of ground with improvements and appurtenances * * * for and during her life, and after her death said property to revert to said' party of the first part; but in

Blakely v. Quinlan, &c.

the event he should not be living at the time of his said
mother's death, and he should not dispose of said reversionary
or remainder interest by deed or last will and testament, as
said first party reserves the right to do, then said property, after
said mother's death, to pass and vest in the heirs of said
party of the first part," the mother only took a life estate, and
the fee remained in the grantor in possession in law, with full
power to dispose of same by will or deed and the reservation
in the deed did not limit or enlarge his right so to do.

2. WILLS—CONSTRUCTION.—Under the provisions of the will by which
the testator devised and bequeathed "all the money and estate
and property of every kind to which I may be entitled at the
time of my death to H." all of his property, whether in posses-
sion, remainder or reversion passed thereunder.

3. WILLS—PAROL EVIDENCE TO EXPLAIN.—There being no ambiguity
in the language of the will oral testimony to explain the testa-
tor's intention was incompetent.

JOHN M. RAMSEY AND W. O. HARRIS FOR APPELLANT.

1. Where the granting clause in a deed does not describe the estate
conveyed, but the estate conveyed is described and restricted in
the *habendum* clause the grantee will only take such estate as
is so described in the *habendum*. Baskett v. Cellars, 93 Ky., 2;
Bodine's Adm'r. v. Arthur, 91 Ky., 53; Barnett v. Same, 104,
Cal., 298; Humphrey v. Foster, 13 Grattan, 653.

2. Blakely in his will did not reserve for himself merely a power;
but he only parted with life estate, and expressly reserved for
himself the right to dispose of the reversion, which right the law
would have reserved for him, and the power to dispose of the
reversionary interest by will or deed was in him. Alexander
v. DeKermel, 81 Ky., 345.

3. If the appellees' contention that the devise by the testator of
all his estate to which he was entitled at the time of his
death should be construed to mean entitled in possession, the
deed from Blakely to his mother only having granted her a
life estate, left in him not merely an expectancy but the re-
mainder interest and to which he was entitled to possession.

4. The word entitled used in wills is not construed entitled in pos-
session in America. Pearce's Adm'r. v. Steadworthy, 79 Me.,
234.

5. A will, unless ambiguous or inconsistent in some of its parts
should not be construed in the light of extrinsic evidence. Jar-
man on Wills; Fogle, Ex'r. v. Fogle, 9 Bush, 727; McCauley &

Co. v. Buckner, 87 Ky., 191; Lee v. Shiner, 70 Ala., 288; Reynolds v. Robertson, 82 N. Y., 103; Graham v. Graham, 23 W. Va., 36; Stokes v. VanWick, 83 Va., 724.

EDWARD J. McDERMOTT for appellee.

1. Blakely in his deed to his mother reserved for himself the power to dispose of the fee by deed or will, subject to his mother's life estate, and the language of his will, when properly construed, shows that he did not intend in it to exercise that power of appointment. He only devised by his will all property "to which I may be entitled at the time of my death;" he having died before his mother was not entitled to the possession of the property in which she had life estate, and manifestly did not intend to exercise his power of disposing of the reversionary interest.

2. The word entitled as used in wills is held to mean entitled in possession. Dembitz on Land Titles, vol. 2, 922; Umbers v. Jaggard, 9 L. R. Equity (Eng.) 200; In re Clinton's Trust, 13 L. R. Equity (Eng.) 295; In re Noyce Browne v. Rigg, 31 L. R. Ch. D., 75; Surner v. Gossett, 34 Beavan, 593.

JAS. T. FORD of counsel on same side.

JUDGE WHITE delivered the opinion of the court:

This is an action brought by appellant Blakely against appellees, Quinlan, &c., in the law and equity division of the Jefferson Circuit Court to recover the possession of a lot in the city of Louisville, Ky., claimed under the will of John A. Blakely, and was tried by the court on an agreed statement of fact by the parties. Upon judgment dismissing appellant's petition and the overruling of his motion for new trial he has brought the case to this court, and asks a reversal.

On the 12th day of November, 1863, John A. Blakely conveyed to his mother, for and in consideration of love and affection, a certain lot in the city of Louisville, Ky., describ-

ing the lot by bounds and streets. The *habendum* of said deed reads: "To have and to hold said lot of ground, with improvements and appurtenances, unto said] Mary Blakely for and during her life, and after her death said property to revert to said party of the first part; but in the event he should not' be living at the time of his said mother's death, and should not dispose of said reversionary or remainder interest by deed or last will and testament, as said party of the first part reserves the right' to do, then said property, after said mother's death, to pass and vest in the heirs of said party of the first part."

John A. Blakely died about the year 1870, after having made and published his last will and testament, as follows: "Declaring this to be my last will and testament, and hereby revoking and annulling all other last wills and testaments heretofore made by me, I now devise and bequeath all the money and estate and property of every kind, to which I may be entitled at the time of my death, to William Wallace Hall, a boy over eighteen months of age, now residing with me and who is my son."

Mary Blakely, the mother of John A. Blakely, died in 1894, and having, by her last will and testament, devised the lot described in the deed from John A. Blakely to her to the appellee, Quinlan, it is claimed by appellee that by the will of John Blakely the title to this lot was not devised to the appellant, and that by his will the testator only intended to devise such estate as he owned in possession, and upon the death of John A. Blakely the title in fee passed by descent to Mary Blakely, testator's mother, as next of kin.

We are of opinion that by the deed of John A. Blakely he

only conveyed to his mother a life estate in the lot, and the fee remained in him in possession in law, with full power in him to dispose of it by deed or will and that the reservation in the deed did not limit or enlarge his right to devise or will the said lot to whom he saw proper, and we are of opinion that by his will he intended and did devise all of his property, whether in possession, remainder or reversion; and by said will the title to said lot passed to the devisee (appellant.)

There is no ambiguity in the language of the will, therefore, there is no room to hear oral testimony to explain what the testator intended.

The judgment is reversed and cause remanded, with directions to grant appellant a new trial.