MORRIS TZESES and ANNA TZESES, his wife, complainants-respondents,

*v.*

TENEZ CONSTRUCTION COMPANY, a corporation, defendant-appellant.

[Submitted February 18th, 1925. Decided March 16th, 1925.]

The will under consideration in this cause reads as follows: "I wish my niece, Miss Nellie Quinn, to be put in possession of all I have in clothes, money, jewelry, in fact, all I have." *Held*, that thereby Nellie Quinn took title to testator's real estate in fee-simple.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church, whose opinion is reported in *95 N. J. Eq. 145.*

*Mr. Harry Levin,* for the appellant.

*Mr. Benjamin Newman,* for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

This bill was filed to compel the specific performance by the vendee of a contract to purchase real estate from the complainants. The defendant company refused to perform because the title of complainants rests upon a will which the defendant contends does not pass the fee to complainants' grantor.

The vice-chancellor considered that there was no merit in that contention, and advised a decree of specific performance, from which the defendant appeals.

We are of the opinion that the decree is right.

The will is as follows:

"May 26th, 1913.

I wish my niece, Miss Nellie Quinn, to be put in possession of all I have in clothes, money, jewelry, in fact, all I have.

KATHERINE E. FARRELL.

Witness G. HERBERT ALLEN
M. INA BURLEIGH."

Three questions only are raised and argued—(1) whether the expression "I wish" is sufficient to pass title to real estate; (2) whether the expression "to be put in possession" is sufficient to pass a title in fee-simple; (3) whether the expression "in clothes, money, jewelry, in fact all I have," included real estate.

Of course, the duty of the court is to ascertain and give effect to the intention of the testator as expressed in the will.

We think that the word "wish" means the same as "will." If the testator had said "it is my will that my niece Miss Nellie Quinn is to have all my estate," no doubt that would have been sufficient to have passed title to real estate. *Countess of Bridgewater* v. *Duke of Bolton, 1 Salk. 236; In re Gaston's Estate (Pa.), 41 Atl. Rep. 529; Bliven* v. *Seymour, 88 N. Y. 469.* The expression "I wish" being sufficient in a proper case to pass title to real estate, the question whether it did so in the instant case remains for consideration.

We think that the expression "to be put in possession," without limitation or devise over, is sufficient to carry a title in fee-simple, if appropriately used in connection with a devise of ·real estate. *Moore* v. *Moore, 84 N. J. Eq. 89; Traphagen* v. *Levy, 45 N. J. Eq. 448; Fitzgerald* v. *Faunce, 46 N. J. Law 536, 597.* It seems quite evident that the testator used the word "possession" in the sense of use and ownership. While the language "to be put in possession" is loose and certainly not that of a person skilled in will making, we believe that the intent to give is reasonably plain. Of course, words of inheritance are not necessary in a will to devise and carry a fee-simple. Section 36 of our Wills act (*Comp. Stat. p. 5873*), passed in 1784, recognizes that rule, and provides that if words of inheritance are omitted, and it does not appear from the will that the devise was intended to convey an estate for life only, and no further devise is made of the land, it shall be understood to convey an absolute estate in fee-simple. *Den ex dem. Bolton* v. *Bowne, 18 N. J. Law 210;* see, also, *Countess of Bridgewater* v. *Duke of Bolton, supra.*

We are now brought to the only remaining question whether the expression "in clothes, money, jewelry, in fact all I have," included real estate. We think it did. Any words, however untechnical or informal, which clearly indicate an intention on the part of the testator to pass his interest in the real estate possessed by him, will be given that effect. *40 Cyc. 1530,* citing the following specific instances: "All of this world's goods" (*Torrey* v. *Torrey, 70 N. J. Law 672*); "whatever I possess" (*Warner* v. *Warner, 15 Jur. 141; 20 L. J. Ch. 273; Thomas* v. *Phelps, 6 L. J. Ch. O. S. 110*); "Whatever I may be possessed of at the time of my decease." *Blakely* v. *Quinlan, 101 Ky. 52.*

In *Torrey* v. *Torrey, supra,* it was said that "in attempting to interpret any will the first suggestion naturally arising is that the testator intended to dispose thereby of all his property." In that case it was held that in the will there under consideration, the words "all of this world's goods of which I may be possessed at the time of my death," included real

estate. In the opinion it was said that "it is therefore quite credible that the testator by these words meant all that he had," and the implication from the opinion is that "all I have" would have been considered quite sufficient. In the case at bar the testator herself said "all I have." Certainly, therefore, if from the will in question the words "clothes, money, jewelry," were excluded, there would be no question that real estate would pass under the expression "all I have." The question is whether 'the use of the words preceding the general expression limits the general expression to personal property of the same kind. We think it does not. Where, as here, the enumeration of particulars seem to lead up to a sweeping general term which is added by way of embracing whatever remains unmentioned, and the whole effect is that of a residuary bequest, courts at the present day decline to be hampered by any rule which would sacrifice the testator's true meaning out of undue regard for the association of words of limited scope with broad generic terms, and the modern inclination, both in England and America, is to treat words of general description as unlimited in sense by an attempt to state particulars where the will as a whole discloses no intention to the contrary, though not, of course, where that favorable presumption is overcome. See *Schoul. Wills* (5th ed.) §§ 514, 515.

The application of the foregoing principles to the language of the will in question results in the conclusion that title to the testator's real estate passed to Nellie Quinn in fee-simple.

The result is that the decree below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 15.

*For reversal*—None.