This is a bill to set aside an agreement which provides that the defendant, Louise Schill, shall receive one-third of the proceeds of a certain judgment for $64,000 recovered by the parties thereto against the freeholders of Essex county for the taking for public use of certain premises of which Ludwig Schill died seized, known as 31, 33 and 35 Thirteenth avenue, Newark.
It was agreed at the hearing that the real question before the court is the construction of the will of Ludwig Schill and that, if under the will, Louise Schill is entitled to one-third of the residue of the estate, then the agreement should stand.
Counsel were directed to file briefs. Defendant's counsel has submitted one. Counsel for complainants has not, and the time limited for filing has long since expired. *Page 483 
The ninth clause of the will disposes of the residuary estate as follows:
"I direct that the income and all the proceeds of my estate be divided as follows: One-third to my wife and two-thirds to be divided among my children or their heirs, share and share alike."
Defendant contends that this gives the widow one-third of the residuary estate. The clause gives her one-third of the income and one-third of all the proceeds of my estate.
It seems to me that if the testator intended the widow to have the income only he would not have used the word "proceeds," and would have made definite provision for the disposition of the residue. To hold that testator meant to give his wife a life estate only would result in an intestacy, as there is no other mention of the disposition of the residue. This the law abhors.
The most recent case I find on this point is Tzeses v. TenezConstruction Co., 95 N.J. Eq. 145. This was a case decided by me and was affirmed by the court of errors and appeals. 97 N.J. Eq. 501.
In Woodruff v. White, 78 N.J. Eq. 410, testator directed his executors to "sell all my real estate then unsold and dividethe proceeds into six parts." He then gave the parts to various persons. The court held they were entitled to an absolute fee in the parts given them.
In Hollman v. Tigges, 42 N.J. Eq. 127 (at p. 30), it is stated that the use of the word "proceeds" was evidence of an intention to confer power of sale.
Moreover, a perpetual gift of income is an immediate gift of principal.
In the case of Passman v. Guarantee Trust Co., 57 N.J. Eq. 273,
Vice-Chancellor Grey said (at p. 276): "The rule appears to be well settled that the bequest of the income without limit as to time, or gift over which can operate, is a bequest of the principal, if there be no expression of a contrary intent." Numerous cases are cited.
In the case of Miers v. Person, 92 N.J. Eq. 17, Chancellor Walker said (at p. 21): "A cardinal rule of construction is that whenever income is given to a legatee, in trust or otherwise, *Page 484 
without limitation, the principal is regarded as bequeathed also. This is the settled law. It prevents intestacy and harmonizes the rule against perpetuities. I am of opinion that Judge Reedintended by the ultimate gift of the income of his residuary estate to his descendants to bequeath to them the principal also."
In Westfield Trust Co. et al. v. Beekman, 97 N.J. Eq. 140,
Vice-Chancellor Fielder held (syllabus, section 3): "A bequest of income from real or personal estate or from both without limit of time, or gift over which can operate, is a gift of the principal of the fund, if there be no expression in the will of a contrary intent. The rule applies whether the gift of income be direct or through the intervention of a trustee."
This case was affirmed by the court of errors and appeals on the opinion of the court below, in 99 N.J. Eq. 436.
In the eighth clause of the will under discussion the testator says:
"It is my wish that neither my executors nor my children sell any of the property on Thirteenth avenue until five years after the death of my wife."
In 40 Cyc. (at p. 1404), this general rule is stated:
"Words in a will which are merely expressive of a desire or intention on the part of the testator, and are merely advisory or precatory in character may be useful in resolving doubts in other parts of the will; but they do not amount to a testamentary disposition, and do not control or alter the express dispositions of the will unless it is apparent that it was the testator's intention that such words of desire or intention would be mandatory."
I am aware that the words "I wish" have been construed to mean "It is my will," as in the case of Tzses v. Tenez ConstructionCo., supra. But I think the question must be decided in each individual case by studying the will in question and endeavoring to ascertain the testator's intention therefrom.
In this will there are nine clauses. All, with the exception of the eighth, are mandatory. The first, second and third *Page 485 
begin, "I direct." The fourth, "I give, devise and bequeath." The fifth, "I order and direct." The sixth, "I direct." The seventh, "I hereby nominate and appoint." The eighth, "It is my wish." And the ninth, "I direct."
If he had desired the provisions of the eighth clause to be binding, I believe he would have used words of a mandatory character. Especially is this so when in the very next paragraph he returns to the mandatory form and makes what is tantamount to an absolute disposition of all the proceeds of his estate.
In the case of Westfield Trust Co. v. Beekman, supra, testator said that in the event a certain club should desire to shift the boundary lines of its property, "I order and direct my said trustees to deal with the representatives or authorities of said golf club in the same manner that I have always shown in my transactions with them." The court held these words to be directory merely, in spite of the words "I order and direct."
From a careful scrutiny of the whole of the will before me I am convinced that the testator meant the eighth clause to be merely directory, and that in the ninth clause he intended to give and did give one-third of all the residue to his wife absolutely. This construction escapes an intestacy, and makes a normal and usual provision for his widow.
I will advise a decree according to these conclusions.