The bill seeks the construction of the will of Lefferts Hutton, who died a resident of Essex county on August 14th, 1935. It is filed by his widow individually and as executrix. The defendants are the three children of the decedent, all of whom are minors and for whom a guardian ad litem has been appointed and who defends. The only portion of the will pertinent to this controversy is the first paragraph thereof which reads as follows:
"After all my lawful debts are paid, I give and bequeath to my wife, Esther Whitney Hutton, and her heirs now living or born subsequent to the execution of this my last will and testament, all my property both real and personal which I may die possessed or to which I may be entitled at my death." *Page 22 
The will is dated February 26th, 1916, the testator then being a resident of the State of New York. He moved to New Jersey in 1920 and was domiciled here at the time of his death. His will must be construed, therefore, under the laws of this state. At the time the will was executed testator had only one child, Lefferts Hutton, one of the defendants, who is now twenty years of age. Subsequently, three other children were born to the testator and complainant, one of whom died shortly after birth and the other two, Carol, aged seventeen years, and Anne, aged fourteen, are defendants to this suit. By this proceeding the parties seek a determination of their respective interests in decedent's estate. The complainant, the widow, claims to be entitled to an absolute fee in the entire estate. Three claims are advanced on behalf of the defendant children, (1) that they share equally with the widow, each taking one-fourth; (2) that the widow is entitled to a life estate only with the remainder to the children in equal shares; (3) that the two after-born children are entitled to such share of their father's estate as they would have been entitled to had he died intestate.
Upon the argument the second contention was abandoned, and, I think, properly so, as there is no language in the will importing an intention to give a life estate to the complainant. Defendants' final argument is that the complainant and defendants share equally in the estate, and this is inferentially an abandonment of the third contention. Again this seems proper as, in view of the statute (4 Comp. Stat. p. 5865 § 21), to sustain this contention would necessarily result in inequality of interest in the testator's three surviving children and this he obviously did not intend. The sole question is, therefore, does the widow take to the exclusion of the children or do all share equally?
"Words of inheritance are not necessary in a will to devise and carry a fee-simple." Tzeses v. Tenez Construction Co. 97 N.J. Eq. 501.
Had the testator intended to give a fee to the complainant, the use of the word "heirs" in the quoted clause of the will would have been unnecessary. 4 Comp. Stat. p. 5873§ 36. Some signficance should, therefore, be given to the use of the word "heirs." *Page 23 
It is conceded by counsel on both sides of this controversy that the word "heirs" as used in the quoted paragraph of the will should be construed to mean "children." I think that is the proper construction. Eldridge v. Eldridge, 41 N.J. Eq. 89;Howell v. Steelman, 76 N.J. Eq. 423; affirmed 77 N.J. Eq. 586;Demarest v. Hopper, 22 N.J. Law 599 (at p. 611); Haver v.Herder, 96 N.J. Eq. 554; United States Trust Co. v. Jamison,105 N.J. Eq. 418. So construed, the language of the will would read "to my wife, Esther Whitney Hutton, and her children now living or born subsequent." So considered the will is not difficult of construction.
In Gordon v. Jackson, 58 N.J. Eq. 166, the testamentary language involved was "the remainder of my estate I bequeath to my first husband's stepmother and her children." In disposing of the issue Vice-Chancellor Reed said:
"But the rule of construction is settled by the overwhelming weight of judicial sentiment that a devise or gift in this shape, without more, gives a concurrent estate in the parent and children. If the subject-matter is personalty they all take as joint tenants, and if it is realty they take under our statute as tenants in common, in default of some direction in the will that they shall take as joint tenants.
"A gift to a parent and children is, prima facie, a gift to them concurrently. Theob. Wills 325 and cases cited. In a devise to parent and children, if there are any children living at the time the will is executed, the term `children' is, primafacie, not a word of limitation. Byng v. Byng, 10 H.L. Cas.171; Oates v. Jackson, 2 Str. 1172; Jeffrey v. Honeywood, 4Madd. 398.
"Although a gift in this form, prima facie, gives a concurrent interest to the devisees or legatees named, yet slight indications in the will or in the form of the bequest will be seized upon to overthrow the presumption of an intent to give a concurrent interest."
See, also, Jones' Ex'rs v. Jones, 13 N.J. Eq. 236; Kyte v.Kyte, 73 N.J. Eq. 220.
There is nothing in this will contra to the suggested primafacie intention indicated by the language used, and it is *Page 24 
determined that the widow and the children are entitled to share equally in testator's estate. Whether or not it consists entirely of personalty, or of realty, or both, the court is not informed, but the rule of Gordon v. Jackson applicable to personalty and realty will be applied. I will advise a decree accordingly.